IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Marvin Green, #334538, ) | C/A No. 0:08-3323-GRA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Curtis Bufford; Calvin Wiley; Roy Cliperd; official ) | |
| and individual capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Willie Marvin Green ("Green"), who at the time of the incidents giving rise to this action was a pre-trial detainee at the Alvin S. Glenn Detention Center, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (Docket Entry 53.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Green of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 54.) Green filed a response in opposition to the defendants' motion. (Docket Entry 56.) Having carefully reviewed the parties' submissions, the court finds that the defendants' motion should be granted.

## BACKGROUND

Green's Complaint raises two claims of deliberate indifference by prison officials allegedly violating the Fourteenth Amendment to the United States Constitution. Green first alleges that on August 8, 2008, he received the wrong medication, causing his medical condition to deteriorate. Green states that after informing the officer in charge, he was taken to the doctor's office and then

transported to Palmetto Health Richland hospital where he was treated. Green alleges that the nurse informed him that if his heart rate had dropped any further he would have "flatlined." (Compl., Docket Entry 1 at 3.)

In support of their motion for summary judgment on this claim, the defendants have submitted the affidavit of Furman Glover—a registered nurse at the Alvin S. Glenn Detention Center—and Green's medical records. Glover attests that Green's medical records, including those from Palmetto Health Richland hospital, disprove Green's allegations. (Glover Aff. ¶¶ 1 & 4, Docket Entry 53-2.) The records do not reflect that Green received the wrong medication or that Green was transported to the hospital on August 11, 2008. The records reveal that Green was transported to the hospital around 11:15 p.m. on August 19, 2008 due to complaints of chest pain. (Glover Aff. Exs., Docket Entry 53-3 at 10, 21-22.) According to the hospital records, (1) Green was seen in the early hours of August 20, 2008; (2) the cause of Green's chest pain was uncertain; (3) the doctor determined that Green's chest pain was not related to his heart and concluded that the condition was not serious; and (4) Green was released from the hospital that day. (Id. at 43-45.) Glover avers that based on her review of Green's records, his care has been "consistent and appropriate at all times." (Glover Aff. ¶ 9, Docket Entry 53-2.)

In Green's second claim, he alleges that during breakfast on September 4, 2008, the inmates in his dormitory all saw a snake in the cafeteria food. Green contends that Defendant Bufford ordered Officer K. Williams to tell the inmates to continue serving the food and to check their food for snakes, which demonstrated deliberate indifference to Green's constitutional rights. (Compl., Docket Entry 1 at 3.) The court observes that there have been numerous cases filed in the United States District Court stemming from this incident, the facts of which are thoroughly discussed in the consolidated matter of Busby v. Bufford, C/A No. 9:08-3374-HMH-BM, 2010 WL 680720 (D.S.C.

Feb. 25, 2010). Briefly, the food tray of inmate Antonio Nelson contained a small dead snake mixed into his food. Based on video surveillance and the officers' observations, it was determined that Nelson killed the snake and placed it into his tray after the food was served. The officers provided Nelson with a new tray and ordered the inmates to inspect their food. None of the other inmates' trays had snakes in them and the officers received no complaints regarding their food. (See generally Shull Aff., Docket Entry 53-4; Williams Aff., Docket Entry 53-5; Bufford Aff., Docket Entry 53-6.)

Green has presented no evidence whatsoever refuting the defendants' proof, and therefore the court considers the above facts to be undisputed.

**DISCUSSION**

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Medical Claim**

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). The government is required to provide medical care for incarcerated individuals. Estelle, 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir.

1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Further, while the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). A detainee's disagreement as to the type of care he should receive does not state a claim for deliberate indifference. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

As discussed above, in support of their motion, the defendants have presented evidence that Green presented to the medical department at the detention center with reports of chest pains and he was transported to the hospital where he received treatment. Upon examination at the hospital, the doctor could not determine the cause of Green's pain, but found that Green's condition did not appear to be serious or originating from his heart. Green was released from the hospital. The detention center conducted follow-up examinations of Green on August 20 and 21. Green has failed to introduce evidence refuting this. Accordingly, no reasonable jury could find that the defendants were deliberately indifferent to Green's serious medical needs. Moreover, to the extent that Green's claims against the defendants sound in negligence, they are not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

**C.     Conditions of Confinement**

Conditions of confinement of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel

and unusual punishment.  Bell v. Wolfish, 441 U.S. 520, 535, 537 n.16 (1979); see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988).  However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment."  Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243-44 (1983) and Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir.1992)).  Therefore, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees.

To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' "  Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)).  To demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk.  Id. at 847; see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury).  Further, a plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition.  See Strickler, 989 F.2d at 1380-81.

There is no evidence that the defendants were deliberately indifferent to Green's serious needs. Green has failed to present any evidence from which a reasonable jury could find that the defendants failed to provide him with humane conditions. See Shrader v. White, 761 F.2d 975 (4th Cir. 1985) (holding that "inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it") (internal quotation marks and citations omitted). Moreover, there is no evidence that any defendant believed that a snake was cooked in the food and then disregarded any risk of injury by continuing to allow the food to be served and asking the inmates to check their food. See Farmer, 511 U.S. at 847. Finally, Green has not even alleged that he suffered a serious or significant physical or mental injury as a result this alleged occurrence. See Strickler, 989 F.2d at 1380-81.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendants' motion for summary judgment (Docket Entry 53) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 19, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).